HUNTON & WILLIAMS LLP
Ann Marie Mortimer (State Bar No. 169077)
Diana F. Biason (State Bar No. 247274)
dbiason@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2627
Tel.: (213) 532-2000/Fax: (213) 532-2020

PITTS AND BRITTIAN, P.C.
R. Bradford Brittian (Admitted Pro Hac Vice)
rbbrittian@pitts-brittian.com
1319 Old Weisgarber Rd.
Knoxville, TN 37950-1295
Tel.: (865) 584-0105/Fax: (865) 584-0105
Attorneys for Defendants,
MY TRENDY GIRL, INC. and TASHA ENIS

NOVIAN AND NOVIAN LLP
Farhad Novian (CA # 118129)
Emily Sarah Levin (CA # 232366)
elevin@novanlaw.com
1801 Century Park East, Suite 1201
Los Angeles, CA 90069
Tel.: (310) 553-1222/Fax: (310) 553-0222
Attorneys for Plaintiffs,
KAIYA EVE COUTURE, LLC, et al.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAIYA EVE COUTURE, LLC, A California limited liability company, and KANDI LIGHTNER, an individual

Plaintiffs,

v.

MY TRENDY GIRL, INC., a Tennessee Corporation, TASHA ENIS, an individual, RICHARD EMERT, an individual, and DOES 1-20

Defendants.

CASE NO.: CV 07-6294 VBF (SSx)

[The Honorable Valerie Baker Fairbank]

**AMENDED STIPULATED PROTECTIVE ORDER**

**DISCOVERY MATTER**

[Referred to The Honorable Magistrate Judge Suzanne H. Segal]

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development or commercial information, as well as other information protected from disclosure by applicable law. To preserve the confidentiality of such information pursuant to Federal Rule of Civil Procedure Rule 26, it is STIPULATED by and among Plaintiffs Kaiya Eve Couture, LLC, and Kandi Lightner and Defendants My Trendy Girl, Inc., and Tasha Enis, by their respective undersigned attorneys, as follows:

**GOOD CAUSE STATEMENT**

The parties to this litigation are competitors in the commercial sale of similar goods and services. Certain documents, testimony and other information to be disclosed or produced in this litigation contain trade secrets or other confidential research, development or commercial information, as well as other information protected from disclosure by applicable law. Additionally, certain documents, testimony and other information to be disclosed or produced in this litigation contain sensitive competitive information involving commercial contacts, customers, and sales strategies which neither business entity would like disclosed to its competitor. Because the parties compete in the commercial sale of similar goods and services, the disclosure of their respective confidential or proprietary information would be highly damaging and prejudicial to the parties. Therefore, there is good cause for the entry of a Protective Order subject to the provisions set forth below.

1. Any party or non-party witness may designate any information, document or thing (hereinafter "items") as confidential in the manner set forth below.

2. The party or non-party witness designating an item as confidential shall mark it with the legend "Confidential" or "Attorneys' Eyes Only," at or before the time of production of the same.

3. Items to be marked "Confidential" or "Attorneys' Eyes Only" in accordance with Paragraph 2 and the terms of this Stipulated Order if counsel in good

faith believes that it contains the following proprietary or financial information:

a. Financial details regarding the parties' internal business operations which have never been publicly disclosed, including tax records, accounting records, balance sheets, profit and loss statements, pricing records, cost records, profitability analyses, reports by business consultants;

b. Sensitive and proprietary competitive business information which has never been publicly disclosed, including documents recording sales information, documents recording customer information, customer lists or documents from which a customer list could be compiled, customer receipts, lists of vendors or documents from which a vendor list could be compiled, lists of retailers or documents from which a list of retailers could be compiled;

c. Trade secrets, defined pursuant to Section 3426.1 of the California Civil Code as "information, including a formula, pattern compilation, program, device, method technique, or process, that:

1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and

2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

4. Items which are designated as "Confidential" may be disclosed to attorneys for the parties in this action and the attorneys' staff members and employees, to experts retained by the parties to assist in this action and the experts' staff members and employees, to court officials including court reporters and to the parties, but not to any other non-party to this action except as provided for herein below.

5. A party or non-party witness may also designate an item as "Attorneys' Eyes Only" by marking such item or document with the legend "Attorneys' Eyes Only" at or before the time of production of the same. Any item marked "Attorneys'

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Eyes Only" may be disclosed to attorneys for the parties in this action and the attorneys' staff members and employees, to experts retained by the parties to assist in this action and the experts' staff members and employees and to court officials including court reporters, but not to the parties or to any other non-party to this action except as provided for herein below.

6. If attorneys for either party wish to disclose items designated as "Confidential" and/or "Attorneys' Eyes Only" to other persons, such as non-retained experts or non-party witnesses, the party wishing to make such disclosure shall give advance notice in writing to counsel for the party which so designated the information, stating the names and addresses of the person(s) to whom disclosure will be made, identifying the items to be disclosed, stating the relationship, if any, of such person(s) to the parties or either of them and stating the purpose of such disclosure. If no objection to the disclosure is made within the ten (10) days, the disclosure may proceed. If objection to disclosure is made, the parties shall confer in good faith and attempt to resolve informally the objection before the party proposing disclosure seeks relief from the Court, in accordance with the procedures set forth in Local Rule 37. Nothing designated under Paragraphs 2 and 5 above may be disclosed to any such other persons until objections are resolved. If, within the 10 day period, no objection is made to the proposed disclosure, and before any such disclosure is made, such other person(s) shall sign a recital in the form of <u>Attachment A</u> that the signatory has read and understands this Protective Order, will abide by all of its provisions, and a copy of such recital shall be provided to the attorneys who originally designated the item as a confidential or attorneys' eyes only item. In the event of a dispute regarding the designation of confidential information or use, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37.

7. Neither party shall present or attempt to present evidence of or otherwise make reference at trial to any permitted disclosure(s) of "Confidential" or "Attorneys' Eyes Only" items to any expert employed by a party in connection with its

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

preparations for trial and who is not expected to be called as a witness at trial, notwithstanding the identification of such expert as required by the terms of this Order.

8. A non-party deponent may, during the deposition, be shown and examined about "Confidential" and "Attorneys' Eyes Only" items if one of the following conditions is met: (a) the provisions of Paragraph 5 of this Order are complied with; (b) if it appears from the item that the deponent sent, received, or has otherwise seen or known about the item; or (c) if the attorney who designated the item as a "Confidential" or "Attorneys' Eyes Only" item agrees at the deposition that the item may be shown to the deponent.

9. Parties (and Deponents) may, within 30 days after receiving a deposition, designate pages of the deposition transcript (and exhibits thereto) as "Confidential" or "Attorneys' Eyes Only" items.

10. Subject to the Federal Rules of Evidence, the Federal Rules of Civil Procedure, and the Local Rules, "Confidential" and "Attorneys' Eyes Only" items may be offered in evidence at trial or any court proceeding. However, any party may move the Court, pursuant to the Local Rules, for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

11. If "Confidential" or "Attorneys' Eyes Only" items need to be filed with the Clerk, they shall be filed under seal in accordance with Local Rule 79-5.1 of this Court.

12. Persons obtaining access to "Confidential" and "Attorneys' Eyes Only" items under this Protective Order shall use the item and the information contained therein only for preparation and trial of this litigation (including appeals and retrials) and shall not use such item or information for any other purpose. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of a "Confidential" or "Attorneys' Eyes Only" item.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

13. The production of an item without a designation of "Confidential" or "Attorneys' Eyes Only" shall not waive the right of a party to subsequently designate that item "Confidential" or "Attorneys' Eyes Only." If a party, subsequent to production of an item, wishes to designate an item "Confidential" or "Attorneys' Eyes Only," that party shall contact the opposing counsel in a timely manner and identify with specificity the items to be marked "Confidential" or "Attorneys' Eyes Only."

14. Unless a prompt challenge to a party's designation of an item as "Confidential" or "Attorneys' Eyes Only" is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of litigation, a party does not waive its right to challenge the designation of an item as "Confidential" or "Attorneys' Eyes Only" by electing not to mount a challenge promptly after the original designation is disclosed, pursuant to Local Rule 37.

15. If a party elects to challenge another party's designation of an item as "Confidential" or "Attorneys' Eyes Only," all such challenges shall be governed by Local Rule 37 and any other applicable rules and procedures of this Court.

16. Nothing herein shall be construed as an agreement or admission (a) that any information or item designated "Confidential" or "Attorneys' Eyes Only" is, in fact, confidential; or (b) that the information contained therein is competent, relevant or material as evidence in this cause.

17. This Order shall be without prejudice to the rights of the parties to seek a modification thereof, and each party shall have the right to oppose production of any information for any reason other than confidentiality.

18. After final conclusion of all aspects of this litigation, "Confidential" or "Attorneys' Eyes Only" only items and all copies of the same (other than exhibits of record) will be returned to the party or person who produced such items, if the party or person requests their return.

19. Counsel shall make a good faith effort to resolve by agreement any questions concerning the interpretation or application of this Protective Order that

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

may arise.

20. The attorneys of record and parties are responsible for employing reasonable measures to control access to and distribution of items designated as "Confidential" or "Attorneys' Eyes Only" only items pursuant to this Agreed Protective Order.

Stipulations to Agreed Protective Order:

DATED: February 25, 2008

PITTS AND BRITTIAN PC

By: R. Bradford Brittian
R. Bradford Brittian
Attorneys for Defendants,
MY TRENDY GIRL, INC. and
TASHA ENIS

DATED: February 25, 2008

NOVIAN & NOVIAN LLP

By: [signature]
Emily Levin
Attorneys for Plaintiffs,
KAIYA EVE COUTURE, LLC and
KANDI LIGHTNER

IT IS SO ORDERED.
DATED: 2/26/08
Suzanne H. Segal
UNITED STATES MAGISTRATE JUDGE

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

<u>Attachment A</u>

Confidentiality Agreement

I, ______________________________________, have read and understand the Agreed Protective Order in the case styled KAIYA EVE COUTURE, LLC, at al. v. MY TRENDY GIRL, INC., et al., Case No. CV 07-6294-VBF(SSx) (C.D. Cal.), and agree to be bound by its terms with respect any documents, information or materials that are furnished to me as set forth in the Agreed Protective Order. I agree not to disclose to anyone any such documents, information or materials. I further agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will be returned by me to the person who furnished such documents, materials or information to me upon conclusion of the case. I consent to the jurisdiction of the U. S. District Court for the Central District of California for the limited purpose of any proceedings to enforce the terms of the Agreed Protective Order and for no other purpose.

Date:________________

____________________________________
Signature