```
 1  HUNTON & WILLIAMS LLP
    Ann Marie Mortimer (State Bar No. 169077)
 2  amortimer@hunton.com
    Diana F. Biason (State Bar No. 247274)
 3  dbiason@hunton.com
    550 South Hope Street, Suite 2000
 4  Los Angeles, CA  90071-2627
    Tel.: (213) 532-2000/Fax: (213) 532-2020
 5
    PITTS AND BRITTIAN, P.C.
 6  R. Bradford Brittian (Admitted Pro Hac Vice)
    rbbrittian@pitts-brittian.com
 7  1319 Old Weisgarber Rd.
    Knoxville, TN 37950-1295
 8  Tel.: (865) 584-0105/Fax: (865) 584-0105
    Attorneys for Defendants,
 9  MY TRENDY GIRL, INC. and TASHA ENIS

10  NOVIAN & NOVIAN, LLP
    Farhad Novian (State Bar No.118129)
11  farhad@novianlaw.com
    David B. Felsenthal (State Bar No. 140203)
12  david@novianlaw.com
    1801 Century Park East, Suite 1201
13  Los Angeles, CA 90069
    Tel.: (310) 553-1222/Fax: (310) 553-0222
14  Attorneys for Plaintiffs,
    KAIYA EVE COUTURE, LLC and KANDI LIGHTNER
15
```

FILED
CLERK, U.S. DISTRICT COURT
JUN 19 2008
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

Priority ✓
Send
Enter
Closed ✓
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIYA EVE COUTURE, LLC a California limited liability company, and KANDI LIGHTNER, an individual<br><br>Plaintiff,<br>v.<br><br>MY TRENDY GIRL, INC. a Tennessee Corporation, TASHA ENIS, an individual, and DOES 1-20, inclusive<br><br>Defendants. | CASE NO.: CV 07-6294 VBF(SSx)<br><br>[The Honorable Valerie Baker Fairbank]<br><br>**CONSENT DECREE AND ORDER** |

- 1 -

CONSENT DECREE & ORDER
ORIGINAL

## I. BACKGROUND

1. On or about September 27, 2007, plaintiffs KAIYA EVE COUTURE, LLC, a California limited liability company, and KANDI LIGHTNER, an individual (collectively "Plaintiffs" or "Kaiya Eve"), filed a complaint (the "Complaint") in this action against defendants MY TRENDY GIRL, INC., a Tennessee Corporation, and TASHA ENIS, an individual (collectively, the "Defendants"), alleging, *inter alia*, infringement of Plaintiffs' intellectual property rights.

2. Plaintiffs and the Defendants enter into this Consent Decree for the purpose of avoiding prolonged litigation. This Consent Decree is a full, final and binding resolution between all of the Plaintiffs and all of the Defendants resolving all claims, defenses and/or counterclaims which are or could have been raised in this action.

3. The Plaintiffs and the Defendants are, for purposes of this Consent Decree, collectively referred to as the "Parties," with each of them a "Party" as the context requires.

## II. JURISDICTION

4. For purposes of this Consent Decree and its enforcement only, the Parties stipulate that this Court has subject matter jurisdiction over the allegations contained in the Complaint and personal jurisdiction over the Parties. The Parties further stipulate that this Court may exercise jurisdiction to enter this Consent Decree as a full and final resolution of all claims that were or could have been raised in the Complaint based on the facts alleged therein.

## III. FACTS ALLEGED IN THE COMPLAINT

5. Plaintiffs have alleged: Kandi Lightner is the owner and licensor of several trademarks, service marks, and trade names, in both word and stylized formats, represented by several pending applications with the United States Patent

and Trademark Office, including, without limitation, KAIYA EVE, Serial Number 7713304, KAIYA EVE Serial Number 77132358, KAIYA EVE Serial Number 77132257 and the Original PettiSkirt Serial Number 77183519 (collectively, the "KE Marks"). Kandi Lightner is the owner the domain names <kaiyaeve.com> and <theoriginalpettiskirt.com>.

6. Plaintiffs have alleged: Plaintiffs sold KAIYA EVE branded goods to Defendants from August through October of 2006.

7. Plaintiffs have alleged: Plaintiffs infringed the KE Marks.

8. Plaintiffs have alleged: In or about May 2007, Defendants registered the domain <kaiyaeve.net>.

9. Plaintiffs have alleged: Defendants' use of the KE Marks was without Plaintiffs' permission or authority and in disregard of Plaintiff's rights to control the use of Plaintiffs' state and federal trademarks.

10. Defendants contend: No conduct by Defendants (whether alleged or not alleged by Plaintiffs) was wrongful and Defendants are not liable to Plaintiffs in any manner whatsoever.

## IV. STIPULATED DECREE

In consideration of, and in reliance upon, the respective representations and warranties, covenants, terms, and conditions herein contained, all of the Parties agree as follows:

11. Immediately upon execution of this Consent Decree, the Defendants, and those acting in concert with them and on their behalf, will, immediately and permanently cease and desist from, and are hereby permanently enjoined from, any and all use of any false or misleading description of fact, false or misleading representation of fact, KAIYA EVE name, the KE Marks by themselves or in conjunction with other terms, and any mark confusingly similar to the KE Marks or any of them, including any and all references to and display and/or dissemination of

the KAIYA EVE name that 1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiffs, or as to the origin, sponsorship, or approval of Defendants products, goods, services, or commercial activities by Plaintiffs, and/or 2) misrepresents the nature, characteristics, qualities, or geographic origin of Defendants' or Plaintiffs' goods, services, or commercial activities.

12. The Defendants, including their officers, agents, representatives, servants, employed, attorneys, successors and assigns, and all others in active concert or participation with the Defendants, are hereby enjoined from using the KE Marks, or any of them, or any variation or confusingly similar term, in connection with any website, domain name, written advertising, written promotion and written marketing relating to the sale of clothing, accessories, jewelry, children's goods, home goods, toys, and retail and wholesale services,; or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in this paragraphs. Notwithstanding the forgoing, nothing contained herein shall limit the Defendants' rights to use the term pettiskirt in a descriptive manner.

13. Upon the execution of this Consent Decree, the Defendants shall transfer to Plaintiffs the <kaiyaeve.net> domain name and any other domain name which Defendants, or anyone acting in concert with them or on their behalf, owns, which incorporates any of the KE Marks, any portion thereof or any confusingly similar term, by itself or in conjunction with other terms. Further, upon the execution of this Consent Decree, the Defendants shall immediately terminate the use of, and are hereby permanently enjoined from using, any domain name containing any of the KE Marks, any portion thereof or any confusingly similar term, by itself or in conjunction with other terms.

14. The Defendants, and those acting in concert with them and on their behalf, agree, jointly and severally, that they will not seek to file, and are hereby permanently enjoined from filing, any applications for registration of any federal or

state trademarks, fictitious business name listings, domain names or any other registrations incorporating any of the KE Marks, any portion thereof or any confusingly similar term, by itself or in conjunction with other terms. Further, the Defendants, and those acting in concert with them and on their behalf, agree, jointly and severally agree that they will not challenge or dispute Plaintiffs' rights to the KE marks or registration thereof.

15. Upon the execution of this Consent Decree, the Defendants shall immediately cease, and are hereby permanently enjoined from making statements that Defendants' goods are identical to those of Plaintiffs and/or that Defendants' goods are manufactured by the same manufacturer utilized by Plaintiffs. Notwithstanding the forgoing, Defendants may respond truthfully to direct inquiries as to the manufacturing source of their goods and those of Plaintiffs.

## V. ENTRY OF CONSENT DECREE

16. The Parties request that the Court promptly enter this Consent Decree.

## VI. DISMISSAL OF ACTION

17. Upon entry of this Consent Decree, the Complaint in this action will be dismissed with prejudice and without costs to any party as against any other party.

## VII. ENFORCEMENT OF CONSENT DECREE

18. The Court in this Action shall maintain jurisdiction over the Parties with respect to enforcement of this Consent Decree.

## X. MISCELLANEOUS PROVISIONS

The Parties hereby agree as follows:

19. **Authority to Stipulate.** Each signatory to this Consent Decree certifies that he/she/it is fully authorized to enter into this Consent Decree and to execute it on

behalf of the Party and to legally bind that Party.

20. **Consultation.** Each of the Parties hereto represents and warrants that he/she/it is executing and delivering this Consent Decree after having adequate opportunity to consult with legal counsel of his/her/its own choosing as to his/her/its rights hereunder, and the legal effect hereof.

21. **Binding on Successors and Assigns.** This Consent Decree shall be binding upon and shall inure to the benefit of the Parties, their parents, subsidiaries, successors, and assigns.

22. **Complete Agreement.** The Parties intend this Consent Decree—taken together with the parties' written Settlement Agreement executed by the Parties—to be a final and complete expression of their agreement and understanding with respect to its subject matter. The Parties acknowledge to one another that no promise, inducement, or agreement not contained in this Consent Decree or the parties' written settlement agreement has been expressed or made to any of them in connection with this Consent Decree.

23. **No Adverse Construction.** This written Consent Decree is a product of the mutual effort of the Parties and their attorneys. This Consent Decree shall be construed fairly as to all Parties, and it shall not be construed for or against any of the Parties on the basis of the extent to which that party participated in drafting it.

24. **Notice.** All notices relating to this Consent Decree may be sent to the Parties at and in the care of their respective counsel of record in this case.

25. The Parties further agree that a violation of this Consent Decree would cause the Plaintiffs irreparable injury for which it would have no adequate remedy at law and that Plaintiffs shall be entitled to obtain immediate injunctive relief prohibiting further violation, in addition to any other rights and remedies available to Plaintiffs.

26. The Parties acknowledge and agree that the prevailing party shall be entitled to recover its actual expenses associated with any action or proceeding

arising out of this Consent Decree and/or any action or proceeding to enforce this Consent Decree including, but not limited to, reasonable attorneys' fees and recoverable costs incurred in connection with such enforcement, in addition to any other relief to which the prevailing party may be entitled, including without limitation actual damages, statutory damages and injunctive relief.

**IT IS SO STIPULATED AND AGREED AS OF APRIL 18, 2008:**

| Plaintiffs: | Defendants: |
|---|---|
| KAIYA EVE COUTURE, LLC | MY TRENDY GIRL, INC. |
| By: *[signature]* | By: *[signature]* |
| Kandi Lightner, Its Manager | Tasha Enis, Its _____ |
| *[signature]* | *[signature]* |
| Kandi Lightner, individually | Tasha Enis, individually |
| **APPROVED AS TO FORM:** | **APPROVED AS TO FORM:** |
| NOVIAN & NOVIAN, LLP | PITTS AND BRITTIAN, P.C. and HUNTON & WILLIAMS LLP |
| By: *[signature]* | By: *[signature]* |
| Farhad Novian | R. Bradford Brittian |
| Attorneys for Plaintiffs KAIYA EVE COUTURE, LLC and KANDI LIGHTNER | Attorneys for Defendants MY TRENDY GIRL, INC. and TASHA ENIS |

**SO ORDERED:**

Dated: 6/19/08

*[signature]*
VALERIE BAKER FAIRBANK
United States District Judge